871 F.2d 1097
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Marion L. HATCHER, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 88-3475.
 United States Court of Appeals, Federal Circuit.
 March 14, 1989.
 
 Before EDWARD S. SMITH, BISSELL and MICHEL, Circuit Judges.
 EDWARD S. SMITH, Circuit Judge.
 
 DECISION
 
 1
 The initial decision of the Merit Systems Protection Board (board), which decision became final on August 29, 1988, docket No. NY08318810380, affirmed the Office of Personnel Management's reconsideration decision denying Marion L. Hatcher's (Hatcher) application for a civil service survivor annuity. We affirm.
 
 OPINION
 
 2
 The Government contends that this court lacks jurisdiction over Hatcher's appeal of the board's decision because she failed to file her petition for review to this court within 30 days after Hatcher received notice of the board's final decision. 5 U.S.C. Sec. 7703(b)(1) (1982). We disagree. The board's initial decision, dated July 25, 1988, notified Hatcher that, to be timely, Hatcher's petition must be received by this court no later than 30 days after August 29, 1988, the date the initial decision became final. Hatcher's petition, although not stamped "filed" until September 29, 1988, was in fact actually received by the clerk of this court on September 27, 1988. Accordingly, since Hatcher's petition was received by this court within the 30-day time limit, we must conclude that Hatcher complied with the statutory mandate. See generally Monzo v. Department of Transportation, 735 F.2d 1335, 1336 (Fed.Cir.1984) (indicating that the critical date for determining timeliness is the date on which the petition for review is received by the court); Long v. United States Department of Air Force, 751 F.2d 339, 342 (10th Cir.1984) (petition for review was timely where it was received within 30 days of the board's decision, even though it was not stamped "filed" until after the 30-day time limit had expired).
 
 
 3
 Turning to the merits, we have carefully reviewed the record and the arguments presented on appeal. We do not find the board's decision arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or obtained without procedures required by law, rule, or regulation having been followed, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1982); see Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). Accordingly, on the basis of the opinion of the administrative judge, dated July 25, 1988, the board's decision is affirmed.